Okay, I think we're ready now for Mr. Forrester. All right, whenever you're ready, Mr. Forrester. May it please the court, Denzel Forrester for Mr. Dominic McDonald, hearing his plaintiff, I'm sorry, hearing his appellant, and he's seeking a reversal of his sentence. I think at this point, based on the recent Supreme Court decision in United States v. Mathis, appellee and appellant are in agreement that the South Carolina predicates of second degree burglary do not qualify as predicates in this matter for Mr. McDonald to be assessed 19 years. 924E rather, the ACC enhancement. I think right now the matter of more is concerning whether those issues, at least reading from appellee's brief, those issues were preserved. And I think looking at U.S. v. Lynn, I know certainly at the district court level, the argument was, were they one continuous brief for two different burglaries that took place in Fort Mill, South Carolina. However, I don't think this court was constrained by what was actually alleged and argued. This court can certainly make an alternative decision. And I understand that at that time, the issues were preserved based basically on was it one continuous series of actions. However, there was an objection made that my client does not qualify to be an armed career criminal act offender. And under plain error review, as we see in United States v. Lynn rather, I think that's the standard of review that would not, or at least it was addressed for the first time. Meaning that the South Carolina predicate do not qualify because as far as the law is concerned right now, the modified categorical approach has been abrogated by MAPIS. So therefore, when the district court in this matter assessed and took a look at whether not only was the second brief burglary in South Carolina overbroad, was it divisible, that sort of review is no longer, it's well, basically outdated. Right now, it's the congressional intent of whether there was any sort of generic patch between the offense of Mr. Forrester. This is Judge Shea. I'm getting a little feedback. Can you hear me? Yes, I can hear you. The judge also imposed an alternative sentence. Have you made any argument on that point? I can't find that you've made any argument at all. Maybe I'm missing it. Have you made any argument to address his alternative sentence? Not in brief, Your Honor. However, in memory, I will say this. And right now, the alternative sentence would be 140 to 175. That's the guideline range that my client falls into.  However, the district court found the guideline range to be 188 to 235. And based on the pronounced sentence of 188, that's the low end of the guideline range. So if we were to prevail, we think the district court would issue or pronounce a sentence of 144, meaning that pursuant to 18 U.S.C. 924A, the court, because my client pled to the four counts, the court can certainly go above the 120 mandatory statutory sentence in a 922G sentence. I know this, but the court, the purpose of the alternative sentence, as I read it, he said he looked at what the guideline calculations were. But even if they weren't that, he thought this was the appropriate sentence under 3553A. I just want to make that point. That's how I read it. But the point is, you made no argument in brief at all in response to the alternative sentencing. That's correct, Your Honor. Okay. I just want to be sure I had it right. I'm going to let you make argument that you want to make now. I just want to be sure I had that right. Okay. Thank you. May I follow up on that, Your Honor? In following up on that point, it's a matter of place and time. Because, as the law was concerned when the sentence was pronounced and it was in place, I didn't think that putting time and effort in addressing that issue, because as we know, I should say as we know, as I've seen, when cases come back, if this were to come back, as far as in dealing with any sort of statutory crack amendment, usually the sentencing judge, the district court judge, will sentence commensurate to what his or her prior sentence was. Meaning that if it was at the low end of the guideline range, the judge will sentence at the low end of the guideline range. Meaning that this judge here sentenced at 188, 188 months, which was certainly the low end of the guideline range. So the commensurate sentence would be 140, 140 months, which is still above the 120 or 10 years statutory maximum under 922G. If there are no other questions concerning that, I will say this, that certainly if we take a look at all the other cases building up to this point, whether it's Taylor, whether it's Shepard, we see that certainly in Mathis, it dealt a serious blow to the modified categorical approach, which was used in this case. And that's why I will say again, this argument is more so, it's not whether Mr. McDonald would qualify for the Armed Career Criminal Act offender if he were to be sentenced today, because very well he would not. It's a matter of basically, well, if I'm reading Pelley's brief correctly, did we preserve that? And as a matter of literally, no. And that's why I think the plain error review is appropriate. And under plain error, we take a look at, was an error made? And certainly I would say that in sentencing someone above one statutory maximum, which meaning 120 months, to another statutory maximum life and a statutory minimum of 180 months, that certainly is an error. And I'm not faulting the judge because even in my supplemental brief, I think I said I did not bring up the McLeod case to the district court. So I'm not finding fault with anything. I'm just saying as it stands right now, the law has changed, which even in my, I've always maintained that this law, ACRA, is in a state of flux and it did eventually change. And I mentioned that in my supplemental brief, that the law did change. And Mathis is very clear concerning that. Now, the other part is, was the error clear? Certainly again, I will say the change in statutory minimum, well, there was no statutory minimum, but the change in statutory maximum from 120 months to life is certainly very clear and very serious. Now, does it affect the proceeding? Does it affect the seriousness of this case? It does. To Mr. McDonald and other appellants who are similarly situated, it is substantial. And so I will argue under the plain error review, this matter should not stand any longer and also start a decisive basis based on Mathis. If there are no further questions, I will reserve my time, if I will. Thank you, Mr. Forrester. Mr. Enright. Good morning, Your Honors. May it please the Court, Anthony Enright for the United States. I suppose I should first ask if there's anyone who can't hear me. We can hear you. Move along. Certainly. Mr. McDonald and the United States, we both agree that the Armed Career Criminal Act does not apply to Mr. McDonald. I think the reason is not so much Mathis as the McLeod decision, which I think made that clear a couple of weeks after sentencing transpired, because the offense is not categorically a violent felony. Do you think McLeod survives Mathis? Your Honor, I do think McLeod survives Mathis because Mathis resolved a circuit split in favor of the position taken by the Fourth Circuit well before McLeod. That said, I would emphasize that I really don't think it's an issue in this particular case, because in any event under McLeod, I readily concede we do not have a Shepard document that would establish that Mr. McDonald was convicted under the alternative set of elements that corresponds to generic burglary when we're talking about his South Carolina offenses. I do, however, respectfully request that this Court affirm the decision of the District Court, because the District Court made extraordinarily clear that it would impose the same sentence, the very same sentence, if the Armed Career Criminal Act didn't apply. And the Court went through a model of how to describe an alternative sentence. It explicitly calculated the applicable guideline range in the absence of the Armed Career Criminal Act, 140 to 175 months, based on an offense level of 29, and a criminal history of Category 5. And it offered two very thorough rationales for a rather minor, as things go, upward variance that would be required, which is equivalent to a single criminal history category. The Court held that if the Act did not apply, the structure would. Yes, Your Honor. If a judge does decide to put on the record and explain that he would give the same sentence, even if he was wrong about the guidelines calculation, don't you think that when a judge gives or proposes an alternate sentence, or that he would give the same sentence if he's wrong on the guidelines, that he then has an obligation to treat that as an original sentencing and make sure all of the reasons are provided and all of the explanations are given that would be required if he were going to be making, for example, an upward variance from the very beginning? I don't necessarily agree with that, Your Honor. I think under this Court's precedence, including, I think, the most pertinent to this case is the Schrader decision, there need to be two things. One, the record needs to make abundantly clear that the individual would have received the same sentence. And then the second point is that that alternative sentence must be substantively reasonable. And I know in Schrader and in other cases, the Court has applied that doctrine where the District Court did not necessarily even calculate an alternative sentence. That said, I would suggest that if what Your Honor proposes were the case, the District Court's colloquy and what it did put on the record would satisfy that standard because it gave a very thorough explanation for its alternative sentence under two different rationales, both under the guided departure provision of 4A1.3, which encourages an upward departure if criminal history category under-represents his actual criminal history. And alternative to that, under the 3553A factors, noting that the need to protect the public and the need to deter further criminal conduct warranted a sentence of 188 months. And that was particularly appropriate in this case. That was certainly a substantively reasonable sentence here because you had a defendant with an extraordinary criminal history, someone who had begun stealing guns from the age of 14. By the age of 16, multiple armed robberies, multiple auto thefts. By age 22, he'd been convicted of being a felon in possession and the burglaries that are at issue in this case. And then when he was out on supervised release, he violated that three months later. His supervised release was revoked and he was incarcerated. And within a month of being released from his supervised release revocation sentence, he committed the offenses that are the subject of this appeal, which include stealing guns from people he knew were police officers or one individual who he knew was a police officer. Yes, Your Honor. Yeah. Yeah, Mr. Enright, no question. We have an unsympathetic defendant. Absolutely. My question, sir, for you is, do the sentences in this case pose a problem because the judge did not specify any one or more of them would be running consecutively rather than concurrently? I don't think so, Your Honor. As an alternate variant sentence? Because if he was imposing 188 months, wouldn't he have a problem if the sentences were running concurrently? I don't think so, Your Honor, because I think implicit in the alternative sentence, because the court acknowledged that without the Armed Career Criminal Act, he would still apply the same sentence, is a view that they would run concurrently. And I think the Schrader opinion addresses this directly because the Schrader opinion held that when a court imposes a sentence under the Armed Career Criminal Act and it's substantively reasonable, this court does not need to address the propriety of the Armed Career Criminal Act even when the sentences need to be stacked in order for the Armed Career Criminal Act to apply. And the standard of... Yeah, I'm sorry, but can the judgment order be valid unless the order specifies, in other words, consistent with what was done with the variant sentence? Would it be a valid judgment order in the absence of specifying consecutive sentences? I don't think the judgment would be invalid, Your Honor, and I would suggest that this is something that if it were, I suppose, challenged in a different context, it might raise an issue that's not before this court now because the question on either a plain error standard of review or under the standard of review, which I think applies here, because this issue was abandoned on appeal, which is a miscarriage of justice, I think this court would look at the sentence alone and ask whether the sentence was an illegal sentence because the statute that governs the appeals of sentences speaks of that. So if there is a discrepancy in the judgment, I don't think that would be enough to overcome the standard of review for a challenge to an erroneous determination of the sentence in the first instance. I want to ask a question to follow up on Judge Keenan's question. And, again, I'm just thinking out loud and about the practicalities of enforcing the alternative sentence. Isn't the judgment going to be inconsistent? In other words, you're going to have one part saying, for example, all of these sentences run concurrent, and then you're going to have a grand total, so to speak, of sentences to be served that's not going to be consistent with the way the sentences on the individual counts are characterized. And I don't know if that's going to cause a problem or not, but there is going to be that inconsistency. I do think it's a fair point that the judgment order will say something other than that this was stacked sentences. However, I do think the precedent of the Schrader decision would suggest that to the extent that inconsistency exists, it does not make for a reversible error based on a sentencing error, because Schrader does hold that this court doesn't need to address an Armed Career Criminal Act issue if the defendant would have received the same sentence. If the sentence was substantively reasonable without necessarily regard to a technical issue with the judgment itself, and the record makes it clear that it would have received the same sentence. And it's within the cumulative statutory maximum of the offenses when taken consecutively. Your Honor, I'm not sure if this court has any other questions. If it does not, I don't think I have anything to say, and I will yield the balance of my time back to this court. Let me see. Judge, do you have any additional questions? None. I was just looking to see quickly if the court says something like, I'd give the same sentence. Does he say anything like that? From which you could take concurrent? I don't know right off on this issue. Your Honor, the court absolutely said that it would give the same sentence of 188 months. I think it's on page one. It does explain, I think, Judge Shedd, where he would change the computation sentencing guidelines, but I don't think he ever said how he would adjust the concurrent consecutive numbers. I didn't know if the word same had been used for which you could read. He clearly meant that. Or at least an argument could be made, even if this is, as the government says, even if this is something, I've had these issues before when I was a district judge, when there would be some dispute, and it didn't turn out to be an appealable issue. It turned out to be an administrative issue between the lawyer, the Bureau of Prisons, and the court to try to get that straight. But I didn't know, and I would just have to look to see if he said something. Sometimes, and I did look for this issue, quite frankly, because I didn't see it raised anywhere, but oftentimes a judge would go out and impose the same sentence. I would just suggest to him maybe if that's there, and I'm not sure it is, the same would allow you to read into it the concurrent or consecutive nature of the earlier sentence that would have been imposed. I'd just suggest that, but I don't know if that's in the record. I'll just have to look. I'm not sure. I will respond. I'm looking at the court's colloquy here, and it doesn't look like he used the language, the same sentence. What he did say was that he would impose a sentence of 188 months, which is what he had previously imposed, and he explained the rationale of how he would get there if the Armed Career Criminal Act did not apply. So I do think under this court's standard, which is whether the record makes that clear, it amply meets that. I don't know what more a court could do to do that, but to be fair, it doesn't use the same language I don't think that Judge Shedd has. I would say if this court is inclined to note an error with the judgment, it might be appropriate to remand to allow a correction of the judgment document to reflect the intent that the court pronounced on the record as opposed to a remand for complete resentencing. But I do believe under the standard of review, affirmance is probably the appropriate result. And so that's what we have before you, Your Honor. Okay. Thank you. Mr. Forrester has some time in reply. Yes, Your Honor. In looking at the Joint Appendix 76 judgment and also Joint Appendix 142, the statement of reasons, I will say that we see nothing in there where the judge says, well, I'm going to pronounce an alternative sentence. There's nothing in there in that. However, sure, in the hearing transcript, it does mention that. However, to be fair, I think the judge went with the, even though I argued, I also argued that the state of the Armed Career Criminals Act is in a state of argument. The district court made the decision to go with the sentence that's probably easier and more difficult to appeal, and that was the Armed Career Criminal Offender Act. And I think one should be bound by their decisions, just as an attorney is bound by his decision whether to object or not to object. We're bound, and it certainly changes the standard of review upon appeal. And my argument is this, is that the judge should be bound by his decision. It's fair to say that the judge went with the, and I'm using this term, taking liberties with this term, but the judge went with the easier enhancement, so to speak, because it's an enhancement from a mandatory of life sentence, and the judge should somewhat be bound by making that decision. And I don't think the appellant should be punished for the detriment of the judge making what turned out to be a choice that was eventually overturned in mattress. There's nothing in the record saying that. Let me ask this question of you. Is there any doubt in your mind that the judge, looking at the transcript, looking at what the judge said, listening to arguments, is there any doubt in your mind that the judge meant to give 188 months total, concurrently? Is there any question in your mind? I will have to say there's a little bit of doubt, and let me explain what I mean by that. Wait one second. So you think he meant to give at some point 188 consecutively? No, no, no. I think that was the total sentence as said in the judgment. I misunderstood your question. No, you think under any situation, alternative sentence or guideline sentence or whatever you call that, the ACCA, you think it's clear that the judge meant maximum 188 months total? That's correct. That's correct. I thought my apologies, Judge Shed. No, no. My apologies. I didn't understand the question. Okay. Because my point to this is that I think the judge went for the lower hanging fruit, sentencing fruit, and that was the Armed Career Criminal Act. And I think at times we have to be bound by our decisions that we make, just as attorneys are, concerning whether we make objections or not. And I think something happened once subsequent to sentencing that I thought, what? That the case, the state of the law was in a state of flux. And it turned out that it happened, and now I think there's no, I think for us to read in, get in here and read in and saying that, well, the judge didn't mean to do this or meant to do that, I think we have to take a look at what the record says and certainly what common sense will say. So I think this case should be remanded for resentence within the commensurate guidelines, and that would be basically we're taking a look at 29. He would be a criminal history category four, I'm sorry, five, and it would be in a range between 140 and 175 months. If there's any other questions. No. Thank you, Mr. Forrester. I also noted that you're court appointed. We appreciate your undertaking and representation of Mr. McDonald. And with that, I'll ask the clerk to adjourn court. So the court stands adjourned. Santa died. God save the United States and this honorable court.
judges: William B. Traxler, Jr., Dennis W. Shedd, Barbara Milano Keenan